BEACH • WHITMAN, LLP
760 PASEO CAMARILLO, SUITE 350
CAMARILLO, CALIFORNIA  93010
TELEPHONE: (805) 388-3100
FACSIMILE:  (805) 388-3414

**ORIGINAL**

FILED

JUL 20 2006

Thomas E. Beach - State Bar No. 096321
Email: tom@beachwhitman.com
Andrew K Whitman - State Bar No. 128358
Email: andyw@beachwhitman.com
Attorneys for Defendants
ENSIGN FACILITY SERVICES, INC.
and THE ENSIGN GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ERIN BROCKOVICH, on behalf of the United
States of America,

        Plaintiff,

vs.

THE ENSIGN GROUP, INC., a California
Corporation; ENSIGN FACILITY SERVICES,
INC., a California Corporation; and DOES 1
through 250, inclusive,

        Defendants.

CASE NO: CV06-4554 AHM (PJW)

**NOTICE OF REMOVAL OF A CIVIL
ACTION FROM STATE COURT**
(Superior Court for the State of California,
County of Los Angeles (South District))

**[28 USC § 1441(b)]**

**JURY TRIAL DEMANDED**

TO THE CLERK OF THE ABOVE ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendants, ENSIGN FACILITY SERVICES, INC. and THE

ENSIGN GROUP, INC. hereby remove to this Court the State Court action described below.

    1.    On June 5, 2006 an action was commenced in the Superior Court for the State of

California, County of Los Angeles (South District), entitled ERIN BROKOVICH, on behalf of the

United States of America vs.  ENSIGN FACILITY SERVICES, INC. and THE ENSIGN GROUP,

INC., Case No. NC038520.

    2.    On June 21, 2006, copies of the Complaint were served upon ENSIGN FACILITY

SERVICES, INC. and THE ENSIGN GROUP, INC.   Thus, this Notice of Removal is filed within

30 days after the date on which defendant  ENSIGN FACILITY SERVICES, INC. and THE

DOCKETED ON CM

JUL 2 5 2006

BY

1

015108

```
7/21/2006 11:03:15 AM  Receipt #: 87056
         Cashier = DANYSA CLA 1-13
Paid by BENCH WHITMAN LLP
21:CV06-04554
2006-086909        5 - Civil Filing Fee(1)
Amount:                         $60.00
21:CV06-04554
2006-510000       11 - Special Fund F/F(1)
Amount:                        $190.00
21:CV06-04554
2006-086400    Filing Fee - Special(1)
Amount:                       $100.20
                               350.00
Check Payment # 5733 /
```

ORIGINAL

1   ENSIGN GROUP, INC. first received a copy of the Complaint and is timely under 28 USC Section

2   1446(b).

3       3.      This action is a civil action of which this Court has original jurisdiction under 28

4   USC Section 1332, and is one which may be removed to this court by ENSIGN FACILITY

5   SERVICES, INC. and THE ENSIGN GROUP, INC. pursuant to the provisions of 28 USC Section

6   1441(b).

7   **Federal Question.**

8       4.      Plaintiff's Complaint and claim for relief is authorized and derived solely from

9   Federal Statute, 42 U.S.C. § 1395y(b). The interpretation of that statute is actually in dispute, and

10  presents as substantial federal issue. *Grable & Sons Metal Products, Inc. v. Darue Engineering &*

11  *Manufacturing,* 125 S. Ct. 2363 (2005).

12  **State Court Pleadings**

13      5.      Attached hereto, marked as Exhibit "A" and incorporated herein by reference, is a true

14  and correct copy of the Summons and Complaint received by ENSIGN FACILITY SERVICES, INC.

15  and THE ENSIGN GROUP, INC.

16      6.      Exhibit "A" represents all the processes, pleadings, orders and records received by

17  ENSIGN FACILITY SERVICES, INC. and THE ENSIGN GROUP, INC. in the State Court action.

18      WHEREFORE, ENSIGN FACILITY SERVICES, INC. and THE ENSIGN GROUP, INC.

19  prays that this action be removed to this United States District Court, Central District of California.

20

21  DATED: July 19, 2006          BEACH • WHITMAN, LLP

22

23                                By:_____
                                      Thomas E. Beach
24                                    Andrew K. Whitman
                                      Attorney for Defendants
25                                    ENSIGN FACILITY SERVICES, INC.
                                      and THE ENSIGN GROUP, INC.
26

27

28

_BEACH • WHITMAN, LLP_
_760 PASEO CAMARILLO, SUITE 350_
_CAMARILLO, CALIFORNIA 93010_
_TELEPHONE (805) 388-3100_

2

NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT

# EXHIBIT A

# SUMMONS

**SUM-100**

*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE ENSIGN GROUP, INC. a California Corporation;
ENSIGN FACILITY SERVICES, INC., a California
Corporation;

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 05 2006

John A. Clarke, Executive Officer/Clerk

By _____

and DOES 1 through 250, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIN BROCKOVICH, on behalf
of the United States of America

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>415 West Ocean Boulevard<br>415 West Ocean Boulevard<br>Long Beach, California 90802<br>South District | CASE NUMBER:<br>*(Número del Caso):*<br>NC038520 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas V. Girardi, SBN 36603    (213) 489-5330  (213) 481-1554
GIRARDI & KEESE
1126 Wilshire Blvd
Los Angeles, CA 90017

DATE:                                Clerk, by _____, Deputy
*(Fecha)* JUN 05 2006  JOHN A. CLARKE    *(Secretaria)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* THE ENSIGN GROUP INC, A CALIFORNIA CORPORATION

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-21-06

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
ea Plus

Code of Civil Procedure §§ 412.20, 465

# SUMMONS
## (CITATION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE ENSIGN GROUP, INC. a California Corporation;
ENSIGN FACILITY SERVICES, INC., a California
Corporation;

and DOES 1 through 250, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIN BROCKOVICH, on behalf
of the United States of America

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 0 5 2006

John A. Clarke, Executive Officer/Clerk

By _____

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* NC038520 |

LOS ANGELES SUPERIOR COURT
415 West Ocean Boulevard
415 West Ocean Boulevard
Long Beach, California 90802
South District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas V. Girardi, SBN 36603      (213) 489-5330  (213) 481-1554
GIRARDI & KEESE
1126 Wilshire Blvd
Los Angeles, CA 90017

DATE:
*(Fecha)* JUN 0 5 2006  JOHN A. CLARKE    Clerk, by _____, Deputy
*(Secretaria)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Ensign Facility Services Inc. A California Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-21-06

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

GIRARDI & KEESE
Thomas V. Girardi, State Bar No. 36603
Graham B. LippSmith, State Bar No. 221984
1126 Wilshire Blvd
Los Angeles, CA 90017
Telephone: (213) 489-5330
Facsimile: (213) 481-1554

WILKES & McHUGH, P.A.
Timothy C. McHugh, State Bar No. 218429
James L. Wilkes, State Bar No. 218514
James M. Morgan, State Bar No. 208668
500 Silver Spur Road, Suite 200
Rancho Palos Verdes, California 90275
Telephone: (310) 406-3003
Facsimile: (310) 406-3005

Attorneys for Plaintiff,

FILED
LOS ANGELES SUPERIOR COURT

A6003

JUN 05 2006

JOHN A. CLARKE, CLERK
BY: _____
WANDA BLALOCK, DEPUTY

90804

SUMMONS ISSUED
JUN 05 2006

CASE MANAGEMENT CONFERENCE
SET FOR 8:30 a.m.

NOV 02 2006

IN DEPARTMENT J
OSC 8·21·6

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ERIN BROCKOVICH, on behalf of the United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> THE ENSIGN GROUP, INC., a California Corporation; ENSIGN FACILITY SERVICES, INC., a California Corporation; and DOES 1 through 250, inclusive, <br><br> Defendants. | Case No.: NC038520 <br> Division: <br> Complaint Filed: <br> Assigned to Hon. _____ <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATION OF MEDICARE SECONDARY PAYER ACT, 42 U.S.C. § 1395y(b)** |

1

COMPLAINT FOR DAMAGES

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIN BROCKOVICH, on behalf of the United States of America, hereby sues Defendants THE ENSIGN GROUP, INC., ENSIGN FACILITY SERVICES, INC., and DOES 1 through 250, inclusive, and alleges as follows:

### VENUE

1.    Some of the acts and omissions that form the basis of this complaint occurred at or near 4029 E. Anaheim Street in the City of Long Beach, which is within this judicial district. Therefore, venue in this court is appropriate.

### PLAINTIFF

2.    Plaintiff ERIN BROCKOVICH, a resident of the State of California, brings this action pursuant to the private cause of action established at 42 U.S.C. § 1395y(b)(3)(A), on behalf of the United States of America, to recover Medicare payments which were made as a result of Defendants' wrongful conduct, and which the Defendants are obligated to pay as Primary Plans, together with all damages allowable under the law.

### DEFENDANTS

3.    Defendants THE ENSIGN GROUP, INC., ENSIGN FACILITY SERVICES, INC., and their related companies and nursing homes ("Ensign") are participant providers in the Medicare program that conduct business in the State of California.    Their obligations as participants are set forth in 42 U.S.C. § 1395y(b)(2)(A), and in federal regulations including but not limited to 42 C.F.R. § 411 and 42 C.F.R. § 489.   Ensign's fiduciary obligations to the Medicare program are also set forth in a Provider Agreement that Ensign entered into with Medicare. (This Provider Agreement is not in the Plaintiff's possession.  The Agreement is in the Defendants' possession and should be produced by the Defendants to the Plaintiff.)  At all times relevant to the claims set forth herein, Ensign and its wholly or partially owned subsidiaries owned, operated, and/or managed Medicare-participating nursing homes in the State of California, as well as other states.   At all times relevant, Ensign partially carried its own professional liability risk through the use of self-insurance plans, self-insurance retentions, and/or the use of captive insurance subsidiaries.

2

---

COMPLAINT FOR DAMAGES

4.    Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 250, and for that reason has sued such Defendants by fictitious names. Plaintiff will seek leave of the Court to amend the Complaint to identify said Defendants when their identities are ascertained. Plaintiff alleges that DOES 1 through 250 are persons or entities that engaged in the conduct alleged herein to have been engaged in by the other named Defendants, and therefore are liable based on the conduct and allegations set forth herein. The DOE Defendants may include insurance companies that were Primary Plans and responsible to reimburse Medicare as alleged in this complaint.

5.    Each Defendant constitutes a "Primary Plan" as defined in the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b), and as such is a primary payer under the MSP.

## DEFENDANTS' WRONGFUL CONDUCT

6.    On numerous occasions, Ensign, by and through its employees and agents, caused harm to Medicare recipients who were patients in Ensign's nursing homes and assisted living centers, thereby triggering legal obligation on the part of Ensign and the other primary payer Defendants herein to pay for any consequential medical service, treatment, or medication. Nevertheless, Ensign provided medical services, treatment and medication to such Medicare recipients who were harmed by Ensign's own conduct, and thereafter received reimbursement from Medicare for treating those injured Medicare recipients.

7.    As stated above, when Ensign's own conduct caused injury to Medicare recipients, such conduct triggered the liability of the primary payer Defendants named herein to pay any medical bills incurred as a result of such conduct. *See* 42 C.F.R. § 489.20(f) and (g). Alternatively, if Medicare advanced conditional payment for the care that the injured Medicare recipients received as a result of Ensign's conduct, the Defendants had the duty and were required to reimburse Medicare for such expenditures as primary payers under the MSP. *See* 42 U.S.C. § 1394y(b)(2)(B)(ii).

8.    Defendants, as primary payers, breached their duties to Medicare by not paying for the care that injured Medicare recipients received as a result of Ensign's conduct and further

3

1   by not reimbursing Medicare after Medicare provided conditional payment for the care that such

2   Medicare recipients received as a result of Ensign's conduct.

3       9.      The Defendants knew of Ensign's injurious conduct and further that such conduct

4   was a triggering event, obligating the Defendants, as primary payers, to pay for any medical

5   service, treatment or medication.

6       10.     Such knowledge came from patient complaints, staff complaints, internal incident

7   reports and investigations, internal peer review, risk management programs and federally

8   mandated surveys.  Additionally, Defendants knew that certain classes of injuries and illnesses

9   (such as in-house acquired pressure ulcers, malnutrition, dehydration, fecal impactions, falls,

10  injuries associated with falls, and preventable infections), occurring on Ensign's premises *after* a

11  patient's admission to Ensign's nursing homes or assisted living facilities, were sentinel events

12  of elder abuse, neglect, and negligence on the part of the caregiver.  These sentinel events were

13  reflected in Ensign's billing records and were known to the Defendants, triggering the obligation

14  to ascertain the cause of such injuries or medical conditions prior to submitting any claim to

15  Medicare for reimbursement of any services provided to treat the injuries and conditions caused

16  by Ensign.  Defendants collectively as primary payers had in place risk management programs

17  which were available to all the Defendants, putting the Defendants on notice of the sentinel

18  events.  Nevertheless, Defendants permitted Ensign to bill Medicare directly, and each and every

19  Defendant failed in its obligation to investigate each claim and to determine the Defendants'

20  reimbursement liability as primary payers under the MSP.

21      11.     Although Defendants had actual and constructive notice of the improper billing,

22  Defendants did not create a mechanism to segregate those Medicare recipients whose injuries

23  were caused by Ensign's own conduct.  Instead, the Defendants allowed Ensign to bill Medicare

24  for all the care received by Medicare recipients, including those for whom the Defendants had

25  primary responsibility for payment.

26      12.     In every case where Ensign received Medicare payments for the care they

27  provided to Medicare recipients who were injured as a result of Ensign's own conduct,

28  Defendants failed to reimburse Medicare as required under the MSP.

4

**COMPLAINT FOR DAMAGES**

1  triable by right.

2

3  Dated:  June ____/____, 2006                    Respectfully submitted,

4

5                                                  GIRARDI & KEESE

6                                                  WILKES & MCHUGH, P.A.
                                                   Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Thomas V. Girardi, SBN 36603
GIRARDI &.KEESE
1126 Wilshire Blvd
Los Angeles, CA 90017
TELEPHONE NO.: (213) 489-5330    FAX NO.: (213) 481-1554
ATTORNEY FOR *(Name):* Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 0 5 2006

JOHN A. CLARKE, CLERK
BY: *Wanda Blalock*
WANDA BLALOCK, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 415 West Ocean Boulevard
MAILING ADDRESS: 415 West Ocean Boulevard
CITY AND ZIP CODE: Long Beach, California 90802
BRANCH NAME: South District

CASE NAME: Erin Brockovich vs. THE ENSIGN GROUP, INC.a
California Corporation; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | NC038520 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: | |
| | | | DEPT: | |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[x] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015).*
Date:
Thomas V. Girardi, SBN 36603
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19

| SHORT TITLE: Erin Brockovich vs. ENSIGN GROUP, INC.a California Corporation; ENSIGN FACILITY SERVICES, IN | CAS. | ER | NC038520 |
|---|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS.

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 | Asbestos Property Damage | 2. |
| | | [ ] A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | [ ] A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 | Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | [ ] A6016 | Intellectual Property | 2., 3. |

CIV 109 03-04 (DRAFT Rev. 01/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

LA-481

| SHORT TITLE: Erin Brockovich vs THE ENSIGN GROUP, INC.a California Corporation; ENSIGN FACILITY SERVICES, | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2. ,6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin categories (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.); Employment; Contract; Real Property; Unlawful Detainer; Judicial Review

**CIVIL CASE COVER SHEET ADDENDUM<br>D STATEMENT OF LOCATION**

| SHORT TITLE: Erin Brockovich' THE ENSIGN GROUP, INC. a California Corporation; ENSIGN FACILITY SER | CASE R | NC038520 |
|---|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)** | | |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☒ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership/Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

CIV 109 03-04 (DRAFT Rev. 01/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: Erin Brockovich vs THE ENSIGN GROUP, INC.a California Corporation; ENSIGN FACILITY SER | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| □1. ☒2. □3. □4. □5. □6. □7. □8. □9. □10. | 4029 E. Anaheim Street |

| CITY: Long Beach | STATE: CA | ZIP CODE: 90804-4110 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>LOS ANGELES COUNTY SUPERIOR</u>    courthouse in the <u>South</u>            District of the Los Angeles Superior Court (Code of Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _____ 6/1/06 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Thomas V. Girardi

---

> **PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form CIV 109, 03-04 (use latest revision)
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**FILED**

LOS ANGELES SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: 415 WEST OCEAN BLVD., LONG BEACH, CA 90802 | **JUN 0 5 2006** |
| PLAINTIFF: | JOHN A. CLARKE, CLERK |
| DEFENDANT: | BY: *Wanda Blalock* WANDA BLALOCK, DEPUTY |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: **NC038520** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing to all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: **November 2, 2006**   Time: **8:30am**      Div./Dept.: **B**

Pursuant to California Rules of Court, rule 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rules Chapter 7.13, Code of Civil Procedure Sections 177.5, 575.2, 583.150, 583.360 and 583.410 and Government Code Section 68608, subdivision (b), and California Rules of Court, rule 200 et seq.

PATRICK T. MADDEN, JUDGE

Dated: _6/5/2006_                                          _____
                                                                          Judicial Officer

## CERIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐   by depositing in the United States mail at the courthouse in _____ , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐   by personally giving the party notice upon filing of the complaint.

John A. Clarke, Executive Officer/Clerk

Dated _6/5/2006_                                By _____    **W. BLALOCK**
                                                                             Deputy Clerk

CIV 132 10-03                **NOTICE OF CASE MANAGEMENT CONFERENCE**                CRC , rule 212
LASC Approved                                                                          LASC Local Rules, Chapter Seven

# NOTICE OF CASE ASSIGNMENT

CASE NUMBER:  NC038520

---

PLAINTIFF: You are hereby ordered to appear on  08/21/06  at 8:30a.m.in Department SQ **B**  for an Order to show Cause re: Sanctions/Dismissal for failure to serve defendant(s) within 60 days as required by California Rule of Court 201.7. If you file the proof of service timely as to all named defendants, the OSC will be vacated. For Long Beach cases you may call the clerk's office at (562) 491-6234 or (562) 491-6235 and for San Pedro cases you may call (310) 519-6015 two days prior to hearing to verify that the hearing was vacated.

---

You are hereby notified that this case has been assigned to an Individual Calendar Court and is subject to Delay Reduction Rules as set forth in Chapter 7 of the Los Angeles Superior Court Local Rules.

Based upon your assigned case number, your case is assigned to:

[X] 0-1 Long Beach Courthouse  
     Judge Patrick T. Madden  
     Department B, 4th Floor, Room 42  
     415 W. Ocean Blvd.  
     Long Beach, CA 90802

[ ] 2-3 Long Beach Courthouse  
     Judge Joseph E. Di Loreto  
     Department H, 5th Floor, Room 53  
     415 W. Ocean Blvd.  
     Long Beach, CA 90802

[ ] 4-5 San Pedro Courthouse  
     Judge Judith A. Vander Lans  
     Division 85, 2nd Floor, Room 204  
     505 S. Centre Street  
     San Pedro, CA 90731

[ ] 6-7 San Pedro Courthouse  
     Judge Tracy T. Moreno  
     Division 86, 2nd Floor, Room 212  
     505 S. Centre Street  
     San Pedro, CA 90731

[ ] 8-9  Long Beach Courthouse  
     Judge Roy Paul  
     Department S, 2nd Floor, Room 24  
     415 W. Ocean Blvd  
     Long Beach, CA 90802

[ ]      San Pedro Courthouse  
     Judge Elizabeth Allen White  
     Division 88C  
     638 S. Beacon Street  
     San Pedro, CA 90731

This case is assigned for all purposes to the Judge reflected above. All parties are expected to comply with the following:

DELAY REDUCTION RULES  
The Court's Delay Reduction Rules (LASC Local Rule 7 and California Rules of Court) will be strictly enforced and counsel will be expected to be familiar with them.

DUTY OF EACH PLAINTIFF ( AND CROSS-COMPLAINANT)  
It shall be the duty of each plaintiff (cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint)

CHALLENGE TO AN ASSIGNED JUDGE:  
A challenge under Code of Civil Procedure Section 170.6 shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of all purpose assignment, or if the party has not yet appeared in the action, within 10 days after appearance.

CERTIFICATE OF SERVICE  
I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Assignment upon the filing party.

    ☐    by personally giving the party notice upon filing of the complaint  
                                 John A. Clarke, Executive Officer/Clerk

Date:  06-05-06

                                        by                              , Deputy Clerk

## NOTICE OF CASE ASSIGNMENT

1    **GIRARDI & KEESE**
     Thomas V. Girardi, State Bar No. 36603
2    Graham B. LippSmith, State Bar No. 221984
     1126 Wilshire Blvd
3    Los Angeles, CA 90017
     Telephone: (213) 489-5330
4    Facsimile: (213) 481-1554

5    **WILKES & McHUGH, P.A.**
     Timothy C. McHugh, State Bar No. 218429
6    James L. Wilkes, State Bar No. 218514
     James M. Morgan, State Bar No. 208668
7    500 Silver Spur Road, Suite 200
     Rancho Palos Verdes, California 90275
8    Telephone: (310) 406-3003
     Facsimile: (310) 406-3005
9

10   Attorneys for Plaintiff,

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                   **FOR THE COUNTY OF LOS ANGELES**

14

15   ERIN BROCKOVICH, on behalf            )   Case No.:
     of the United States of America,      )   Division:
16                                         )   Complaint Filed:
                                           )   Assigned to Hon. _____
17                        Plaintiff,       )
                                           )
18            vs.                          )   **DEMAND FOR JURY TRIAL**
                                           )
19                                         )
                                           )
20   THE ENSIGN GROUP, INC., a California  )
     Corporation; ENSIGN FACILITY         )
21   SERVICES, INC., a California Corporation; )
     and DOES 1 through 250, inclusive,   )
22                                         )
                                           )
23                        Defendants.      )
                                           )
24

25          **NOTICE IS HEREBY** given that Plaintiff ERIN BROCKOVICH, on behalf
26   ///
27   ///
28   ///

                                    1
─────────────────────────────────────────────────
                        Demand For Jury Trial

1 | of the United States of America, hereby demands trial by jury in the above-entitled matter.

2 | Dated: June _____, 2006                          Respectfully submitted,

3

4 |                                          By: _____

5 |                                              **GIRARDI & KEESE**
                                                **WILKES & McHUGH, P.A.**
                                                Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**2**

Demand For Jury Trial

<div style="transform: rotate(90deg)">BEACH • WHITMAN, LLP
760 PASEO CAMARILLO, SUITE 350
CAMARILLO, CALIFORNIA 93010
TELEPHONE: (805) 388-3100</div>

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF VENTURA

3       I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 760 Paseo Camarillo, Suite 350, Camarillo,

4  California 93010.

5       On July 19, 2006, I served the foregoing document(s) described as:  **NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT** on the interested parties in this

6  action, by placing _____ the original __X__ a true copy thereof enclosed in a sealed envelope addressed as follows:

7
                    SEE ATTACHED SERVICE LIST

8

9    __X__ **(BY FIRST CLASS MAIL)**  I caused such envelope with postage thereon fully prepared to be placed in the United States mail at Camarillo, California.  I am "readily familiar" with the firm's

10  practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party

11  served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

12
     _____ **(BY FACSIMILE TRANSMISSION)**  On this date, I transmitted from a facsimile

13  transmission machine in Camarillo, California, whose telephone number is (805) 388-3414 the above-named document was transmitted to the interested parties herein whose facsimile transmission

14  telephone numbers are included in the attached Service List.  The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission

15  machine upon which the said transmission was made immediately following the transmission.  A true and correct copy of the said transmission report is attached hereto and incorporated herein by

16  this reference.

17  _____ **(BY OVERNIGHT CARRIER)**  I placed the above-named document in an envelope or package designated by **[GoldenState Overnight Carrier/UPS/Federal Express/Overnite Express]**

18  ("express service carrier") addressed to the parties listed on the service list herein, and caused such envelope with delivery fees paid or provided for to be deposited in a box maintained by the express

19  service carrier.  I am "readily familiar" with the firm's practice of collection and processing of correspondence and other documents for delivery by the express service carrier.  It is deposited in a

20  box maintained by the express service carrier on that same day in the ordinary course of business.

21  _____ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the office of the addressee.

22
     _____ **(State)**     I declare under penalty of perjury under the laws of the State of California that

23                  the above is true and correct.

24    __X__ **(Federal)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that

25                  the foregoing is true and correct.

26       Executed on July 19, 2006, at Camarillo, California.

27

28                    _____
                      Kimberly A. Arellanes

                              3
NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEACH • WHITMAN, LLP
760 PASEO CAMARILLO, SUITE 350
CAMARILLO, CALIFORNIA 93010
TELEPHONE: (805) 388-3100

**SERVICE LIST**
Brockovich v. The Ensign Group, et al.

**ATTORNEY FOR PLAINTIFFS:**

Thomas V. Girardi
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017

Phone: (213) 489-5330
Fax: (213)481-1554

WILKES & MCHUGH
500 Silver Spur Road, Suite 200
Rancho Palos Verdes, CA 90275

Phone: (310)406-3003
Fax:    (310)406-3005

4

NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. HOWARD MATZ and the assigned discovery Magistrate Judge is PATRICK J. WALSH.

The case number on all documents filed with the Court should read as follows:

CV06- 4554 AHM (PJWx)

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

<hr>

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Rm 1-053
Santa Ana, CA 92701-4516

☐ **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

<hr>

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY